

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2007

# Maddelin v. Levingston

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1991

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Maddelin v. Levingston" (2007). *2007 Decisions.* Paper 559.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/559

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-326                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1991
_____

PHILIP GREGORY MADDELIN,

Appellant


v.


DENNIS LEVINGSTON, Executive Freeholder
of Atlantic County; RICHARD MULVIHILL,
Department Head of Public Safety;
GARY MERLINE, Warden of Atlantic County
Justice Facility
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-CV-01054)
District Judge: Honorable Robert B. Kugler
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
July 26, 2007

Before: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed August 21, 2007)
_____

OPINION
_____

PER CURIAM

     Philip Gregory Maddelin appeals from an order of the United States District Court

for the District of New Jersey, granting defendants' motion for summary judgment in his civil rights case.

Maddelin filed his complaint while he was incarcerated at the Atlantic County Justice Facility as a pretrial detainee. He alleged that defendants deprived him of his constitutional right of access to the courts when they closed the jail's law library and instead substituted a policy by which an inmate could request cases relating to the inmate's current incarceration.

As the District Court properly noted, in order to show a constitutional violation of the right of access to the courts, an inmate must show an "actual injury" as a result of the alleged shortcomings in the prison legal library or legal assistance program. Lewis v. Casey, 518 U.S. 343, 351 (1996). Maddelin made absolutely no allegations showing that he was injured by the system in place in the county jail. The District Court thus properly granted the defendants' motion for summary judgment.

For the foregoing reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2).